UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

-vs-

ANGEL IBANEZ,
                Defendant.
_____

DECISION AND ORDER

06-CR-6120 CJS
10-CV-6585 CJS

## INTRODUCTION

**Siragusa, J.** Defendant Angel Ibanez ("Ibanez"), proceeding *pro se*, moves this Court pursuant to 28 U.S.C. § 2255 for an order vacating his conviction and sentence. Motion to Vacate, October 18, 2010, ECF No. 64. Additionally, Ibanez has moved to release trial documents, ECF No. 61, for "Newly Discovered Evidence," ECF No. 69, and to amend his original § 2255 motion, ECF No. 70. The government's motion to compel, ECF No. 74, is shown on the docket as pending, but has already been decided. For the reasons that follow, Ibanez's § 2255 application, and the amended applications, are denied.

## BACKGROUND

Following a jury trial, Ibanez was found guilty on the sole count in a June 27, 2006, indictment, ECF No. 1, charging him with unlawfully possessing a firearm after having been convicted as a felon on June 16, 1997, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). The Court sentenced Ibanez to one hundred eight months of imprisonment, followed by three years of supervised release, and to pay a $500 fine, and $100 assessment. Judgment, Mar. 18, 2008, ECF No. 53. In a Summary Order issued on May 1, 2009, the United States Court of Appeals for the Second Circuit affirmed this Court's judgment. *United States v. Ibanez*, No. 08-1536-cr (2d. Cir. May 1, 2009). Ibanez reports in his moving papers that his petition for a writ of certiorari to the Supreme Court was denied in

November 2010. Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("2255 Motion") at 3, Oct. 18, 2010, ECF No. 64.

On appeal, Ibanez had argued that the evidence did not support his conviction and that this Court erred by permitting Police Officer Ted Wilson to testify as to out-of-court statements made by an eye-witness. The Court of Appeals determined that the trial evidence was sufficient to support Ibanez's conviction and that the eyewitness' statement, "That's the guy right there," "was unquestionably 'made while the declarant was perceiving the event.'" *Id.*, slip. opn. at 4. The appellate court further pointed out that the eyewitness "was available for cross-examination, so that the basis of the statement could be tested." *Id.*

In his § 2255 Motion, Ibanez argued that both his trial and appellate counsel were ineffective for failing to advance an actual innocence claim. 2255 Motion at 5. He argues in the body of the 2255 Motion that the evidence was insufficient to support his conviction, and his trial counsel was ineffective for advancing an actual innocence claim and not successfully challenging the identification procedure as causing an unreliable identification of himself. Ibanez also argues, as he did on direct appeal, that the eyewitness, Pastor Wesley, incorrectly identified the color of Ibanez's T-shirt on the day of the arrest. He further asserts that both trial and appellate counsel were

> further ineffective for alleging at trial and on appeal that the District Court erred under Rule 803(1) for admitting the hearsay evidence of Pastor Wesley, based on the fact that Pastor Wesley's testimony was not hearsay it was crucial and critical statements and testimony that was the linchpin of Movant Ibanez [sic] case and was the deciding factor that allowed Mr. Ibanez to be found guilty. The record reveals Pastor Wesley's testimony was a mis-identification of Mr. Ibanez and witness Wesley eventually stated he did not even know if Mr. Ibanez was the person he saw ride by on the bike.

2255 Motion at 10. However, a review of the trial transcript shows that the issue of Pastor Wesley's misidentification of the color of Ibanez's t-shirt *was* brought up during the trial and on closings by both the prosecution and the defense. Trial Transcript Vol. II 191:9–192:1; 207:22–25, 210:11–17, 215:11. Further, the issue of the color of Ibanez's t-shirt was also raised on appeal. *United States v. Ibanez*, 328 F. App'x 673, 675 (2d Cir. 2009) ("The pastor was not entirely certain because he believed the young man that he had seen with the gun was wearing a white tee-shirt, whereas Ibanez's tee-shirt was black."). As the Court of Appeals pointed out,

> At trial, the district court permitted Officer Wilson to testify to the description of the young man given by the pastor before the chase began, and to the pastor's telling him, "That's the guy right there" when he saw the defendant on the bicycle. Officer Wilson said that the pastor had told him that the young man was wearing a black tee-shirt. The district court admitted the statement under the hearsay exception for present sense impressions, *see* Fed .R. Evid. 803(1), and ruled that there was no Confrontation Clause problem because the pastor would later testify.

*Id.*

In his amended motion, Ibanez makes the following argument:

INEFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL WAS AWARE OF THE PETITIONER'S ALIBI DEFENSE BUT FAILED TO PRESENT IT TO THE JURY. HAD COUNSEL PRESENTED THE ALIBI DEFENSE WITNESSES AT TRIAL,THERE IS A REASONABLE PRBA-BILITY THAT NO REASONABLE JUROR WOULD HAVE FOUND THE PETITIONER GUILTY OF THE CRIME CHARGED.

Amended Supplemental Petition for Writ of Habeas Corpus ("Amended 2255 Motion") at 2, Apr. 28, 2015, ECF No. 70-1. In the body of the amended motion, Ibanez states: "Ibanez provided counsel with the names, addresses, and phone numbers of the alibi defense witnesses. This is not alibi evidence that only recently became available. Ibanez declares that counsel was aware of the alibi defense but failed to present it." *Id.* at 2.

On June 8, 2015, ECF No. 71, the Court granted Ibanez's motion to amend, and gave the government additional time to respond. After receiving the government's response, ECF No. 72, the Court issued an Order, ECF No. 73, directing the government, pursuant to Rule 7 of the Rules Governing § 2255 Proceedings, to obtain an affidavit from trial defense counsel addressing Ibanez's alibi allegations. On November 3, 2015, trial defense counsel Mark D. Hosken, Esq., filed an affidavit, ECF No. 77, in response to the Court's order. Mr. Hosken's affidavit contains the following statements relevant to Ibanez's claim that he had an alibi:

> 5. I had no discussions with Mr. Ibanez nor did I provide any advice to Mr. Ibanez regarding an alibi defense. That is because I had no information about an alibi as to Mr. Ibanez's whereabouts on the day of his arrest.
>
> 6. The defense at trial was based on Mr. Ibanez's statements to me that he was not in possession of the firearm found in the yard at 103 Coleman Terrace near Clifford Avenue.
>
> 7. Mr. Ibanez told me that on the day of his arrest he was walking home to 395 Portland Avenue. He walked up Portage to Clifford Avenue. He made a right onto Clifford and crossed over to the other side of Clifford heading towards Coleman Terrace. He told me the police showed up and everyone scattered by running away. He told me he thinks he was arrested because he didn't run away and the police officer had a grudge against him.
>
> 8. Mr. Ibanez never presented me with any information nor did I discover any information regarding a defense of alibi.

Hosken Aff. ¶¶ 5–8.

A copy of Mr. Hosken's affidavit was mailed to Ibanez at the address on the docket:

Angel Ibanez
16030-055
USP LEWISBURG
P.O. Box 17837
Lewisburg, PA 17837

A notation in the docket dated November 18, 2015, states that the copy of Mr. Hosken's

affidavit was returned as undeliverable with the envelope marked "transferred." A search of the Federal Bureau of Prison's inmate locator for number 16030-55 returns the following information: "ANGEL IBANEZ, Register Number: 16030-055, Age: 36, Race: Black, Sex: Male, Released On: 12/04/2015."[1]

## LEGAL STANDARDS

The Court has reviewed Ibanez's 2255 Motion and Amended 2255 Motion, the government's response, Mr. Hosken's affidavit, and other papers filed in this case. Rules Governing Section 2255 Proceedings, Rule 8. Following its review, the Court determines that no evidentiary hearing is necessary to decide Ibanez's application.

As the district court observed in *Reiter v. United States*, 371 F. Supp. 2d 417 (S.D.N.Y. 2005):

> It is well settled that federal prisoners may not use a Section 2255 motion to relitigate issues raised and addressed on direct appeal. See, e.g., *Riascos-Prado v. United States*, 66 F.3d 30, 33 (2d Cir. 1995). If the same issue was raised and addressed on appeal in a slightly different form, it is considered raised and addressed. *Id.* at 34 (holding that a habeas corpus claim that is merely a "slightly altered rearticulation of a claim that was rejected on ... direct appeal" is still considered "raised and addressed."); see also *Talj v. United States*, 1997 U.S. Dist. LEXIS 6595, 1997 WL 249964, at *6, n.2 (S.D.N.Y. May 12, 1997).

*Id.* 371 F. Supp. 2d at 426–27. As the Second Circuit then observed following the Supreme Court's decision in *Massaro v. United States*, 538 U.S. 500 (2003):

> However, the Supreme Court's decision in *Massaro* modified *Billy-Eko*. In *Massaro*, the defendant was convicted and sentenced on federal racketeering charges. *Massaro*, 538 U.S. at 502. On direct appeal, defendant, under new counsel, did not argue any claim of ineffective assistance of counsel, but instead waited until a subsequent Section 2255 proceeding to raise this claim. *Id.* The district court applied our then existing rule under *Billy-Eko* and ruled that defendant's ineffective assistance claim was pro-

---

[1] Inmate Locator, http://www.bop.gov/inmateloc/ (last visited Feb. 17, 2016).

> cedurally barred from his Section 2255 proceeding. *Massaro v. United States*, Nos. 97 Civ. 2971, S1 92 CR. 529, 2000 U.S. Dist. LEXIS 17170, 2000 WL 1761038, at *4 (S.D.N.Y. Nov. 29, 2000). We affirmed. *Massaro v. United States*, 27 Fed. App'x. 26 (2d Cir. 2001).
>
> In overturning our decision, the Supreme Court explained that the *Billy-Eko* rule "creat[ed] the risk that defendants would feel compelled to raise the issue before there has been an opportunity to fully develop the factual predicate for the claim." *Massaro*, 538 U.S. at 504. In addition, the Court expressed concern that our rule would result in ineffective assistance claims that "would be raised for the first time in a forum not best suited to assess those facts. . . . even if the record contains some indication of deficiencies in counsel's performance." *Id.* Accordingly, the Court held that a petitioner may bring an ineffective assistance of counsel claim whether or not the petitioner could have raised the claim on direct appeal. *Id.* at 509.

*Mui v. United States*, 614 F.3d 50 (2d Cir. 2010).

Ibanez's primary contention is that his counsel was ineffective. The Sixth Amendment guarantees a criminal defendant the right to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In order to prevail on a claim that counsel was ineffective under this standard,

> [f]irst, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a break-down in the adversary process that renders the result unreliable.

*Id.* A defendant's failure to satisfy one prong of this two-pronged test relieves the court of any requirement consider the other prong. *Strouse v. Leonardo*, 928 F.2d 548, 556 (2d Cir. 1991). "The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient

6

prejudice, which we expect will often be so, that course should be followed." *Strickland v. Washington*, 466 U.S. 668, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

## ANALYSIS

### 28 U.S.C. § 2255 Application

By amending his original motion, Ibanez has rendered that motion moot. Further, even if Ibanez intended the Amended 2255 Motion to supplement, not replace, the original 2255 Motion, the original motion would have been denied, because it merely sought to relitigate issues already raised and addressed on direct appeal. Similarly, his filing titled Amended Complaint, Motion for Newly Discovered Evidence (Floud [sic] Perkins v. United States), Nov. 19, 2013, ECF No. 69, appears to the Court to be an earlier attempt to modify his original 2255 Motion and merely seeks to relitigate the issues already raised, and rejected, on direct appeal. Accordingly, that application is also denied.

The Court now turns to Ibanez's Amended 2255 Motion and its argument that he received ineffective assistance of counsel as measured by the *Strickland* case. Ibanez claims trial defense counsel was ineffective due to his failure to interview and call alibi witnesses. Amended 2255 Motion at 6. However, Mr. Hosken's affidavit makes it clear that Ibanez did not present to Mr. Hosken any names of alibi witnesses, but, instead, claimed to Mr. Hosken that he was arrested because he was the only one who did not run away when the police arrived and that the police had a grudge against him. The Court notes that Ibanez did not receive the copy of Mr. Hosken's affidavit which was mailed to the address noted on the docket as he was transferred from that facility. Moreover, Ibanez did not provide an updated address to the Clerk following his transfer. It now appears Ibanez is released. The Court has no record of a new address for Ibanez. Although not addressed in the Court's local criminal rules, the Court's local civil rule 5.2 concerning pro

7

se actions requires all pro se litigants to keep the Court informed of their current address, and that a failure to do so may result in dismissal of the case. Mr. Hosken has practiced before this court for at least the past 18 years, and the Court has no reason to doubt his sworn assertions that Ibanez did not provide him with any alibi information.

The trial transcript shows that Mr. Hosken's opening statement to the jury raised the actual innocence claim:

> Yes, a rifle was found on Coleman Terrace in a driveway near a car. The officer never saw Angel with that gun because Angel never carried a gun, he never touched a gun and he never possessed a gun. The Government will not be able to meet its burden to prove beyond a reasonable doubt that Angel possessed that .22 caliber rifle because he did not. Angel was merely present at the wrong place and at the wrong time. The evidence will show what this case is about, that he is wrongly accused.

Trial Transcript, Vol. I, at 10:1–9, May 20, 2008, ECF No. 57. In his closing argument, Mr. Hosken reminded the jury of their duty to convict only if the proof was sufficient and he made an analogy to ice over a creek, and then referred back to the opening statements by saying:

> In the opening statements you were told by the government that Angel Ibanez possessed a sawed-off shotgun. The evidence presented does not show that. My opening statement when I spoke with you yesterday I told you that no witness would testify that Angel Ibanez carried a gun, touched a gun or possessed a gun because he did not. And true to form, no witness did. There was no proof presented that Angel Ibanez possessed any gun, whether it's a shotgun or rifle.

Trial Transcript, Vol. II, 204:3–10. The Court concludes that Mr. Hosken did indeed raise an actual innocence defense. In light of the evidence before the Court on Ibanez's motion, there is no basis for concluding that Ibanez received ineffective assistance of trial defense counsel.

Although Ibanez refers to the ineffectiveness of his appellate defense counsel, he

provides no specific facts in support of his conclusion. Appellate defense counsel evidently raised the two issues addressed by Ibanez in his original 2255 Motion, which the Court of Appeals rejected. Ibanez does not claim that he informed his appellate counsel that Mr. Hosken, trial defense counsel, failed to investigate an alibi defense, and based on Mr. Hosken's affidavit, the Court concludes that Ibanez did not raise that issue, because he had not informed Mr. Hosken of any alibi defense. Accordingly, Ibanez's claim of ineffective appellate defense counsel fails as well.

***Motion to Release All Trial Court Documents***

Ibanez, "seeking to know the disposition of [his] case," and unable to make contact with his appellate defense counsel, "seeks a copy of his trial transcripts and other legal documents." ECF No. 61 at 2 & 3. Ibanez's application was made in 2008, and he made no further applications after that time. The Court assumes that he was eventually able to contact his appellate defense counsel and obtain the information he sought. In any event, he has not provided sufficient reason to justify the furnishing of a free transcript or a waiver of the Court's copying fees. 28 U.S.C. § 753(f) ("Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal."). Accordingly, the application for free transcripts and other copies of the papers filed in this case is denied.

## CONCLUSION

For the foregoing reasons, Ibanez's § 2255 Motion, ECF No. 64, and his Amended 2255 Motion, ECF No. 70, are denied in their entirety. Further, Ibanez's application for

free copies of papers and transcripts in this case, ECF No. 61, is denied, as is his application entitled Amended Complaint, Motion for Newly Discovered Evidence (Floud [sic] Perkins v. United States), ECF No. 69. Finally, the government's motion to compel, ECF No. 74, was previously addressed in its Order, ECF No. 75, and should be marked as "terminated" by the Clerk.

The Court hereby certifies, pursuant to 28 U.S.C. § 2253, that any appeal from this Decision and Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is hereby denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 22 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated: February 23, 2016
       Rochester, New York

                              ENTER:

                              _____
                              CHARLES J. SIRAGUSA
                              United States District Judge